UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HOI L. WAN,

                                Plaintiff,        **COMPLAINT**

        -against-

UNITED STATES POSTAL SERVICE and
JOHN E. POTTER, Postmaster General of
UNITED STATES POSTAL SERVICE,

                                Defendants.
------------------------------------------------------------------X

       Plaintiff, by his attorney **STEPHEN C. JACKSON, ESQ**., as for his complaint against the defendants respectfully sets forth as follows:

## JURISDICTION

       1. This action is brought pursuant to Section 703 Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, et seq.

       2. Venue is proper in the Southern District since the acts and transactions complained of herein all occurred within the district.

       3. Plaintiff timely filed a charge of discrimination with the United States Postal Service Equal Employment Opportunity Commission (EEO) office.

       4. On January 28, 2005 said EEO issued a "Notice of Final Action" to plaintiff. This complaint is filed within ninety days of the receipt thereof.

## PARTIES

       5. Plaintiff, Hoi L. Wan, a male of Asian descent, was and is at all times relevant, a resident of the County of Kings, State of New York.

       6. Upon information and belief defendant **UNITED STATES POSTAL SERVICE** (hereinafter "Postal Service") is a governmental corporation, organized and

existing under the laws of the United States of America.

7. Upon information and belief defendant **JOHN E. POTTER** is the Postmaster General of defendant Postal Services.

## PRELIMINARY STATEMENT

8. This is a civil action for declaratory relief, injunctive relief, compensatory and punitive damages and other relief to redress discrimination in the terms and conditions of employment arising out of defendant's discrimination against plaintiff in that defendants discriminated against plaintiff on the basis of race, national origin and in retaliation for filing a prior complaint of discrimination against defendants.

## FACTUAL ALLEGATIONS

9. That on or about December 6, 2003 plaintiff, a male of Asian descent, filed a complaint of discrimination with defendants' EEO office alleging that defendant's Manager subjected plaintiff to discrimination based on plaintiff's national origin and race.

10. That subsequent to the filing of the aforesaid EEO complaints defendants, from January 2004 to the present, subjected plaintiff to disparate treatment and unlawful retaliation in that, plaintiff was compelled to provide defendant with medical clearance for himself when plaintiff took time off to care for his ailing mother, plaintiff was subjected to harassment, threats, intimidation and verbal abuse, plaintiff was denied breaks, plaintiff was assigned tedious, arduous and excessive job tasks, plaintiff was erroneously charged with being absent without leave while out on FMLA, plaintiff's job performance was unjustifiably scrutinized, plaintiff was denied training and limited duty, plaintiff was subjected to demotion, plaintiff's FMLA request were ignored, plaintiff was unwarrantedly

charged with unscheduled absences, denying plaintiff a shop steward and plaintiff was ordered to perform duties while in pain and discomfort.

11. That similarly situated employees were not subjected to the aforesaid treatment.

12. That defendant subjected plaintiff to the aforesaid treatment because of plaintiff's race, national origin and in retaliation for engaging in protected activity.

13. That as a result of defendants' actions plaintiff sustained physical, mental, psychological and emotional injuries.

14. That plaintiff was caused to seek medical treatment for injuries sustained as a result of defendants' actions.

### FIRST CLAIM

15. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs "1" through "14" of he Complaint, with the same force and effect as is fully set forth herein.

16. Defendant engaged in unlawful discrimination against the plaintiff with malice or reckless indifference to plaintiff's rights.

17. During all times mentioned herein defendants, its agents, servants and/or employees engaged in the illegal conduct herein mentioned to the injury of the plaintiff, and deprived him of his rights, privileges and immunities secured by the constitution and laws of the state of New York in violation of title VII of the Civil Rights Act 1964.

18. As a result of defendant's discrimination and unlawful retaliation against plaintiff, due to his national origin and engaging in protected activity, has been injured and has suffered damages.

19. That by reason of the foregoing, plaintiff has been damaged in the sum of FIVE

MILLION ($5,000,000.00) DOLLARS.

## SECOND CLAIM

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" of the Complaint, with the same force and effect as is fully set forth herein.

21. Defendant, its agent's servants and/or employees, willfully intentionally and purposefully engaged in unlawful discrimination and retaliation against plaintiff in violation of his rights.

22. As a result of defendant's discrimination against plaintiff due to his national origin, plaintiff has been injured and has suffered damages.

23. That by reason of the foregoing, plaintiff has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

## THIRD CLAIM

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" of the Complaint, with the same force and effect as is fully set forth herein.

25. That the aforementioned actions for the defendant constituted a violation of the Family and Medical Leave Act of 1993.

That by reason of the foregoing, plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

**WHEREFORE,** plaintiff prays, that this Court**:**

a) On the First Cause of Action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

  b) On the Second Cause of Action in the sum of THREE MILLION DOLLARS ($3,000,000.00);

  c) On the Third Cause of Action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

  d) awarding plaintiff courts costs and reasonable attorney fees;

  e) declare the actions and conduct engaged in by the defendant's to be in violation of plaintiff's rights;

  f) awarding such other sand further relief as this Court may deem just and proper;

  g) trial by jury demanded.

And for such other and further relief as this court deems just, equitable and proper

Dated:  New York, New York
   April 26, 2005

               Stephen C. Jackson, Esq.
               Attorney for Plaintiff
               Empire State Building
               350 Fifth Avenue, Suite 2310
               New York, New York 10118
               (212) 643-2394

               By:  _____
                 Stephen C. Jackson

**CERTIFICATION**

I, **HOI L. WAN**, being duly sworn depose and say:

I have read the foregoing Complaint.  The contents of said Complaint are true and accurate

to my own knowledge, except for matters stated to be upon information and belief, in

which case, I believe those matters to be true.

                                                                            _____
                                                                             Hoi L. Wan

Sworn to before me this
17th day of December, 2004

_____
Stephen C. Jackson, Esq.
Reg. No.: 02JA5081323
Exp.: 06/30/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HOI L. WAN,

                                                                  Plaintiff,

        -against-

UNITED STATES POSTAL SERVICE and
JOHN E. POTTER, Postmaster General of
UNITED STATES POSTAL SERVICE,

                                                       Defendants.
------------------------------------------------------------------------X

# COMPLAINT

                        STEPHEN C. JACKSON, ESQ.
                        Empire State Building
                        350 Fifth Avenue, Suite 2310
                        New York, New York 10118
                        (212) 643-2394